IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv381

| | |
|---|---|
| LATINO COMMUNICATIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| NORSAN CONSULTING AND ) | |
| MANAGEMENT, INC., ) | |
| ) | |
| Defendant and ) | |
| Counterclaim ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| LATINO COMMUNICATIONS, LLC., ) | |
| ) | |
| Counterclaim ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on initial review of the Memorandum and Recommendation (#21) of Honorable David C. Keesler, United States Magistrate Judge, in which he recommends that defendant's Motion to Dismiss (#6) be denied. Within the time allowed, defendant filed Objections (#22) to such recommendation, to which plaintiff has filed a timely Response (#23).[1]

The court has reviewed all such materials and finds that a hearing is necessary to

---

[1] The parties have also filed <u>Carden</u> notices and the court is now satisfied that it has jurisdiction as the parties are completely diverse and the amount in controversy appears to exceed the jurisdictional threshold.

-1-

resolve the objections. Specifically, defendant has filed very precise objections to the M&R, as required under Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). While plaintiff has filed an excellent response that generally supports upholding the M&R, the court cannot pinpoint the portions of such response which are responsive to defendant's very precise objections. For example, defendant objects as follows:

> the M&R recommended deferring decision on the validity of the contract until the Court could consider "a factual record," for example "regarding the six overlapping factors," for analysis cited in the M&R. However, these factors, which do not appear in either party's briefs, are used to evaluate "time and geographic limits" — a wholly separate inquiry from the Type of Work provision that is the subject of Defendant's motion.

Objections, at p. 2. While the plaintiff clearly contends that Judge Keesler did not err, review of the response provides the court with no clearly discernable reason why plaintiff believes that it was not error for Judge Keesler to find the "six overlapping factors" relevant to the "Type of Work" provision that was purportedly at issue in defendant's Motion to Dismiss, rather than the time and geographic limitations provisions.

Inasmuch as defendant has made very precise assignments of legal error, the court cannot evaluate those assignments of error without precise responses that addresses each assignment of error head on. At the hearing, the court anticipates going through defendant's objections one-by-one, and will be looking for arguments in support and response that precisely address each claimed error.

While the court believes a hearing is necessary to clarify the issues, the parties should not read into such scheduling an inference that the court is leaning one way or the other;

-2-

indeed, the issues remain unresolved for the court. If the parties resolve this action in advance of the hearing (as appears to have occurred in state court proceedings involving the employees), the parties should communicate such to chambers so that other cases may be calendared for hearing.

\* \* \*

While the court seeks some clarification to aid the decision-making process, it does appreciate the fine manner in which all the parties have briefed the issues and the professionalism shown in moving this case forward.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Objections to the M&R are **CALENDARED** for hearing January 18, 2012, at a time to be noticed by the Clerk of this court.

Signed: December 29, 2011

Max O. Cogburn Jr.
United States District Judge